W. FLETCHER, Circuit Judge,
with whom Judges PREGERSON, REINHARDT, WARDLAW, FISHER, PAEZ, and BERZON join, dissenting from the denial of en banc rehearing:
I fully concur in the dissents of Judges Reinhardt and Watford from our failure to take this case en banc. I add only the following.
In our haste, we have forgotten our role as an intermediate federal appellate court. *1015 We have taken the role of the federal district court, refusing to allow that court to deal in the first instance with Stokley’s motion under Maples v. Thomas, — U.S. -, 132 S.Ct. 912, 181 L.Ed.2d 807 (2012). And we have taken the role of the Arizona Supreme Court, refusing to allow that court to assess the importance of Stokley’s mitigating evidence that was previously disregarded, in violation of Eddings v. Oklahoma, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982). Further, we have allowed a three-judge panel of this court to decide, without briefing from the parties, that Eddings error is not structural, despite cases in this circuit to the contrary, see Williams v. Ryan, 623 F.3d 1258 (9th Cir.2010); Styers v. Schriro, 547 F.3d 1026 (9th Cir.2008), and despite suggestions from the Supreme Court that such error may indeed be structural. See Smith v. Texas, 549 U.S. 948, 127 S.Ct. 377, 166 L.Ed.2d 265 (2006) (mem.); Smith v. Texas, 550 U.S. 297, 316, 127 S.Ct. 1686, 167 L.Ed.2d 632 (2007) (Souter, J., concurring); Thaler v. McGowen, — U.S. -, 133 S.Ct. 647, 184 L.Ed.2d 482, 2012 WL 2955935 (Nov. 26, 2012) (denying cert. in McGowen v. Thaler, 675 F.3d 482 (5th Cir.2012), in which Fifth Circuit held that Eddings error in jury instruction is structural).
There is no reason for such haste. Stokley has asserted plausible claims under Maples and Eddings. They may or may not prove to be winning claims. But we should not allow the State of Arizona to kill Stokley before they have been properly considered.
WATFORD, Circuit Judge,
joined by
PREGERSON, WARDLAW, W. FLETCHER, FISHER, PAEZ, BERZON, CHRISTEN, and NGUYEN, Circuit Judges,
dissenting from the denial of en banc rehearing:
I do not think there is any question here that the Arizona Supreme Court violated the rule established in Eddings v. Oklahoma, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982). Assuming, as the panel majority does, that abandonment has been shown under Maples v. Thomas, — U.S. -, 132 S.Ct. 912, 181 L.Ed.2d 807 (2012), Stokley has established cause for his procedural default. There are two unresolved questions with respect to prejudice. The first is whether this court must actually decide the merits of the underlying Eddings claim or need only find that the claim is substantial, as in Martinez v. Ryan, — U.S. -, 132 S.Ct. 1309, 1318, 182 L.Ed.2d 272 (2012); the second is whether an Eddings violation is structural error or is instead subject to harmless error review. These important and unsettled issues should be resolved by the court sitting en banc.
PREGERSON, Circuit Judge,
dissenting from the denial of en banc rehearing:
I concur in the dissents of Judge Reinhardt, Judge Fletcher, and Judge Watford from our court’s refusal to take Stokley v. Ryan en banc.